W. F. PETILLON v. THE BOARD OF COUNTY COMMIS-
SIONERS OF FORD COUNTY, KANSAS.

No. 132.

1. OFFICIAL PAPER — *once adopted remains such until order is
revoked.* Where a board of county commissioners by written
order designates a paper as the official paper of the county for a
term extending beyond the life of the board, such order, while not
binding on the new board, will remain in force until revoked.

2. NOTICE AND REDEMPTION LIST — *commissioners may designate
who shall publish, but not when.* The board of county commis-
sioners of a county may designate in what paper the county treas-
urer shall publish the tax-sale redemption list and final tax notice,
but they cannot prescribe the time when such notice shall be
published; this is fixed by law, and the treasurer is charged with
the preparation of the notice and the publication thereof.

3. ———— *treasurer having prepared and delivered, to printer
at usual time, not compelled to make others.* When a treasurer
prepares his tax-sale redemption list and final tax notice at the
usual time, and proceeds to have it published in the official paper
of his county, he has discharged his duty, and he cannot be re-
quired by the board of county commissioners to furnish a new list
for publication in a paper they may thereafter designate as the
official paper.

4. PRINTER — *duly appointed, may recover for work done up to
appointment of successor.* Where the publisher of an official
paper of the county, without collusion and at the usual time, re-
ceives from the county treasurer the tax-sale redemption list and
final tax notice, and proceeds to publish the same, he is entitled
to recover the amount due him up to the day his successor is des-
ignated.

Error from Ford District Court. Hon. A. J. Ab-
bott, Judge. Opinion filed May 20, 1897. *Reversed.*

This action was brought by the plaintiff in error to
recover for publishing in his paper certain legal no-
tices for Ford County, Kansas. His paper had been
by the authorities designated as the official paper of
the county. His term was to expire "April, 1892."
On March 13, 1892, the county treasurer, having pre-
pared the tax-sale redemption list and the final tax

PETILLON v. COMM'RS OF FORD CO.     795

May 20, 1897.     Opinion.   Schoonover, J.     W. Div.

notice, delivered them to the plaintiff for publication in plaintiff's paper.   These were prepared and delivered to the plaintiff at the usual time.   The plaintiff at once prepared for the publication by having the type set.   On March 30, 1892, the defendant designated another paper as the official paper of the County, and ordered plaintiff to turn over "all copy of legal matter in his possession" to the newly designated paper, which plaintiff refused to do.   Plaintiff proceeded to publish the list and notice.   Plaintiff brings this suit to recover for this publication.   The case was tried, and judgment rendered against him for costs.   He seeks a reversal of the judgment.

Overmyer & Mulvane, for plaintiff in error.

J. M. Kirkpatrick, County Attorney, for defendant in error.

SCHOONOVER, J.   Paragraph 1655, General Statutes of 1889, provides :

"The boards of county commissioners of the several counties of this State shall have exclusive control of all expenditures accruing, either in the publication of delinquent tax lists, treasurer's notices, county printing, or any other county expenditures."

Under this section the boards of county commissioners of the several counties in this State have the legal right to designate the official paper in each county in which delinquent tax lists, treasurer's notices and the official notices and advertisements of the various officers of the county shall be published.   Wren & Clawson v. Comm'rs of Nemaha Co., 24 Kan. 301.

The defendant in error admits that plaintiff's paper was the official paper of Ford County on April 14, 1891, and remained the official paper until the second Monday of January, 1892, at which time the Board of

796 · Petillon v. Comm'rs of Ford Co.

S. Dept.             Opinion.   Schoonover, J.          5 Kan. App.

County Commissioners was dissolved, and a new Board formed and organized. Defendant contends that the Board, acting in April, 1891, could contract in a matter of this kind only during its life. The Board, in April, 1891, made the Dodge City *Democrat*, the official paper in Ford County, "for the year ending April, 1892." This contract did not become void when the Board, as an organized body, was dissolved, although it was not bindingon the new Board. Their hands were not tied. They had the legal right to revoke the order at any time. They could have designated another paper in the County as the official paper, immediately after they were organized, if they desired. They did not do so. No other paper was designated as the official paper of Ford County until the thirtieth day of March, 1892. When a board of county commissioners by their written order, designate a paper as the official paper of the county for a term extending beyond the life of the board, such order, while not binding on the new board, will remain in force until revoked.

1. Appointment lasts until revoked.

·The county treasurer of Ford County, on the thirteenth of March, 1892, delivered to plaintiff for publication in the Dodge City *Democrat*, the tax-sale redemption list·and final tax notice. It is admitted that this notice was made out by the treasurer and delivered to the plaintiff at the usual time and in obedience to law. It is not claimed that there was any collusion between the plaintiff and the county treasurer.

Paragraph 6986, General Statutes of 1889, provides :

"The county treasurer, at least four months before the expiration of·the time limited for redeeming lands as aforesaid, shall cause to be published in some paper published in, or of general circulation in, his county, once a week, for four consecutive weeks (the

publication herein provided to be completed at least four months before the day of sale), a list of all unredeemed lands and town lots,'' etc.

It was the duty of the county treasurer to publish the notice, required by this section, in the official paper of his County. If the Board neglected to designate an official paper, then he must cause the notice to be published in some paper published in, or of general circulation in, his County. At the time he delivered the tax-sale redemption list and final tax notice to the Dodge City *Democrat*, it was the official paper of Ford County. At a special meeting of the Board of County Commissioners of Ford County on the thirtieth day of March, 1892, the *Globe-Republican* was made the official paper of Ford County, at the legal rate, commencing April 1, 1892, and ending February 1, 1893, and the plaintiff was instructed to turn over all copy of legal matter in his possession to the *Globe-Republican*, and the treasurer was requested to furnish to the *Globe-Republican* the tax-sale redemption lists and final tax notice for publication.

*2. Law fixes time to publish.*

It is admitted that at this time the plaintiff had the tax-sale redemption list and final tax notice, delivered to him by the treasurer on the fourteenth day of March, 1892, '' in type, set up, ready for publication.'' It is further admitted that if plaintiff is paid for work done up to March. 30, 1892, he would be entitled to recover $462.65.

The boards of county commissioners of the several counties may designate the paper in which the county treasurer shall publish the delinquent tax lists and treasurer's notices. The law, not the board of county commissioners, prescribes when the notices shall be published. When a treasurer prepares his tax sale re-

demption list and final tax notice at the usual time, and proceeds to have them published in the official paper of his county, he has discharged his duty, and he cannot be required by the board of county commissioners to furnish a new list for publication in a paper they may thereafter designate as the official paper; and where the publisher of an official paper of the county, without collusion and at the usual time, receives from the county treasurer the tax-sale redemption list and final tax notice and proceeds to publish the same, he is entitled to recover the amount due him up to the day his successor is designated.

3. Treasurer need not make new lists.

4. Printer may recover.

The judgment of the District Court will be reversed, and the case remanded with direction to enter judgment in favor of the plaintiff in error for the sum of $462.65, with interest at the rate of six per cent. from the seventh day of January, 1893, and for costs.

Dennison, P. J., concurring.

Milton, J., having been of counsel, not sitting.